McMAHON, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *McMahon v. Limbach* (1992), 65 Ohio St.3d 310.]

(No. 91–2199—Submitted October 1, 1992—Decided December 14, 1992.)

*John P. McMahon,* for appellant.

*Lee I. Fisher,* Attorney General, and *Barton A. Hubbard,* Assistant Attorney General, for appellee.

---

*Per Curiam.* Appellant contends that the Franklin County Clerk of Courts, in issuing the certificate of title, should not have collected the tax under R.C. 4505.06(D). This statute provides:

"In the following cases, the clerk shall accept for filing such application and shall issue a certificate of title without requiring payment or evidence of payment of tax:

" * * *

"(5) When the motor vehicle was purchased outside this state for use outside this state[.]"

The commissioner, on the other hand, contends that the application for a certificate of title is an exercise of a right of ownership and, thus, under R.C. 5741.01(C) and 5741.02, a taxable use. Under R.C. 4505.06(D)(5), a person can obtain a certificate of title without paying the tax for a motor vehicle purchased outside Ohio for use outside Ohio. But, according to the commissioner, *applying* for the certificate constitutes use in Ohio and renders the transaction taxable. The commissioner presents a "Catch–22" argument. The act that is not taxable under the statute is the act, so the commissioner maintains, that results in taxability. We reject this argument and give effect to the words of the statute.

Paragraph one of the syllabus in *Kelley Motors, Inc. v. Peck* (1954), 161 Ohio St. 186, 53 O.O. 84, 118 N.E.2d 408, states:

"Under the provisions of Section 6290–5, General Code (Section 4505.06, Revised Code), the sale of a motor vehicle is not taxable when the vehicle was purchased outside the state of Ohio for use outside this state."

Thus, under *Kelley Motors,* R.C. 4505.06(D)(5) excepts transactions in which the vehicle is purchased outside Ohio for use outside Ohio, from sales and use taxes. According to the evidence, appellant purchased the vehicle outside Ohio for use outside Ohio. McMahon's occasional travel in the van in Ohio is too "tenuous a basis" on which to hold this transaction subject to tax. *Kelley Motors,* at 190, 53 O.O. at 86, 118 N.E.2d at 410. The failure of the BTA to follow this specific pronouncement, and to refund the tax, was unreasonable and unlawful.

*Decision reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.